IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 03-745-01 |
| | : | |
| JUAN ANTONIO GARCIA-VILLA | : | |

**O R D E R**

AND NOW, this        day of        , 2011, it is hereby

ORDERED

that the government's motion to dismiss the petition under 28 U.S.C. § 2255 filed by the defendant is hereby granted, as the defendant waived in his plea agreement the right to present any collateral challenge to his conviction and sentence, and has not alleged any miscarriage of justice sufficient to overcome that waiver.  See United States v. Khattak, 273 F.3d 557 (3d Cir. 2001).

BY THE COURT:

_____
The Honorable J. Curtis Joyner
United States District Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 03-745-01 |
| | : | |
| **JUAN ANTONIO GARCIA-VILLA** | : | |

### GOVERNMENT'S MOTION TO DISMISS
### PETITION UNDER 28 U.S.C. § 2255

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Jeanine Linehan, Assistant United States Attorney for the District, moves for dismissal of the petition under 28 U.S.C. § 2255 filed by the defendant, based on the defendant's waiver of the right to appeal or collaterally challenge the judgment in this case. The government further respectfully requests that it not be directed to substantively respond to the petition pending the disposition of this motion.

**I.   INTRODUCTION**

On October 4, 2004, the defendant pled guilty to all counts charged against him in the indictment which are as follows:

Count 1 - Conspiracy to distribute more than 50 grams of cocaine base ("crack"), in violation of Title 21 U.S.C. § 846;

Count 2 - Distribution of more than 5 grams of cocaine base ("crack"), that is, approximately 27.7 grams, of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B);

Count 3 - Aiding and abetting the distribution of more than 50 grams of cocaine base("crack"), that is, approximately 56 grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2;

Count 5 - Aiding and abetting the distribution of more than 5 grams of cocaine base ("crack"), that is, approximately 27.8 grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2;

Count 7 - Aiding and abetting the distribution of more than 5 grams of cocaine base ("crack"), that is, approximately 46.1 grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2;

Count 8 - Aiding and abetting the distribution of cocaine powder, that is, approximately 51.9 grams of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2;

Count 9 - Aiding and abetting the possession with the intent to distribute heroin, that is, approximately 65.6 grams of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2; and,

Count 10 - Illegal re-entry into the United States by an alien who was previously deported, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

In the written plea agreement, Garcia-Villa agreed that, with very limited exceptions, he would neither appeal nor present any collateral challenge to his conviction or sentence. Specifically, the appellate waiver in the plea agreement stated:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

At the guilty plea colloquy, this Court reviewed this provision with the defendant and assured that the plea was entered knowingly and intelligently, with regard to the plea in general and the appellate waiver in particular. Although the defendant argues that his counsel did not properly inform him of his potential sentence, the guilty plea agreement also included the total maximum and mandatory minimum sentence as follows:

> Life imprisonment, a mandatory minimum 20 years imprisonment, a $32,250,000 fine, a lifetime supervised release with mandatory minimum 10 years supervised release, and an $800 special assessment.

On January 4, 2005, this Court sentenced the defendant to the mandatory minimum of 240 months on all counts of conviction to run concurrently. In accordance with his guilty plea agreement, the defendant did not appeal the judgment of sentence. On July 9, 2009, however, the defendant filed a motion, *pro se*, for retroactive application of sentencing guidelines to crack cocaine offenses. On September 14, 2009, this Court denied the defendant's motion.

The circumstances outlined in the plea agreement in which a collateral attack under Section 2255 would be permitted did not occur. Nevertheless, on August 9, 2011, Garcia-Villa filed the underlying petition under 28 U.S.C. § 2255. The petition should be dismissed pursuant to Garcia-Villa's agreement.

## II.     ARGUMENT

### A.     The Waiver Was Knowing and Voluntary.

Upon a motion for dismissal based on a waiver of the right to collateral review, this Court's first task is to assure that the waiver was entered knowingly and voluntarily. See United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008) ("Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it."). The question is whether "the district court 'inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence' as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." Id. at 239 (bracketed material and ellipsis in original).

Although the defendant now claims otherwise, the plea was knowing and voluntary. The Court addressed the waiver with the defendant, and also assured more broadly that the defendant was competent, that the plea agreement was explained to the defendant, and that the defendant had a full opportunity to discuss the agreement with counsel and make an informed decision. The Court's determination that the plea in general and the waiver in particular were knowing and voluntary was based on its own assessment of the defendant's answers and demeanor and was well-grounded in the record.

### B.     This Case Does Not Present a Miscarriage of Justice.

Because the waiver was entered knowingly and voluntarily, it must be enforced in the absence of a miscarriage of justice. Mabry, 536 F.3d at 236-37. In United States v. Khattak,

273 F.3d 557 (3d Cir. 2001), this Court held that waivers of appeal are enforceable, but observed that "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." Id. at 562.

There was no miscarriage of justice in this case. The Court in Khattak did not provide a definitive list of situations which amount to a "miscarriage of justice." It observed that other appellate courts have suggested that only extraordinary situations would suffice. See, e.g., United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000) (there may be a miscarriage of justice if the sentence was "1) imposed in excess of the maximum penalty provided by law or 2) based on a constitutionally impermissible factor such as race."); United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999) (may be miscarriage of justice if the plea agreement was the product of ineffective assistance of counsel). Khattak embraced the view of the First Circuit, that a reviewing court should evaluate appellate waivers case-by-case, considering the error claimed by the defendant and such factors as "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

It is apparent that the "miscarriage of justice" exception is quite narrow. It "will be applied sparingly and without undue generosity," United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)), only where "manifest injustice" would result by enforcing the appellate waiver, United States v. Gwinnett,

483 F.3d 200, 206 (3d Cir. 2007). Simply because an issue is meritorious is not sufficient.

Adopting the view of other Circuits, the Third Circuit stated in Khattak:

> [B]y waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of the merits. As the Court of Appeals for the Eleventh Circuit explained:
>
>> A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues - indeed, it includes a waiver of the right to appeal blatant error. Waiver would be nearly meaningless if it included only those appeals that border on the frivolous . . . . While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded.
>
> [United States v. Howie, 166 F.3d 1166, 1169 (11th Cir. 1999)]; see also United States v. Wenger, 58 F.3d 280, 282 (7th Cir.1995) ("Defendants who appeal from sentences following plea agreements always point to unanticipated and unwelcome developments. . . . To say that a waiver of appeal is effective if and only if the defendant lacks grounds . . . is to say that waivers will not be honored.").

Khattak, 273 F.3d at 561-62.

Thus, in Mabry, the Third Circuit enforced a waiver of the right to collateral review of the claim that defense counsel was ineffective in failing to file an appeal. "The issues Mabry seeks to raise on appeal are insubstantial and clearly encompassed by the broad waiver. They do not implicate fundamental rights or constitutional principles. The District Court's conclusion - that the purportedly appealable issues are not substantial and fall clearly within the terms of the waiver - is correct." Mabry, 536 F.3d at 243. See also United States v. Lockett, 406 F.3d 207, 212-14 (3d Cir. 2005) (meritorious sentencing argument under Booker is not a basis for the defendant to evade his appellate waiver); United States v. Jackson, 523 F.3d 234, 244 (3d Cir. 2008) ("it will be a rare and unusual situation when claims of an unreasonable sentence,

standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice.");[1] United States v. Perez, 514 F.3d 296, 298 (3d Cir. 2007) (enforcing waiver of right to appeal restitution order, as that was a term of sentencing regarding which the defendant waived the right to appeal); United States v. Schweitzer, 454 F.3d 197, 205 (3d Cir. 2006) (applying waiver to preclude appeal of challenge to allegations in indictment).

To date, the Third Circuit has identified only limited circumstances as presenting a miscarriage of justice permitting a collateral challenge to proceed despite the waiver. The Court has stated that an appellate waiver may not be enforced if the defendant should have been permitted to withdraw his guilty plea, United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005); if the defendant did not understand the plea agreement itself due to ineffective assistance of counsel, United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007); if counsel was ineffective in failing to timely file an appeal raising an issue explicitly exempted from the appellate waiver provision, id.; or if the government breached its own obligations under the plea agreement, United States v. Schwartz, 511 F.3d 403, 405 (3d Cir. 2008). None of those circumstances exists in this case. The defendant's claimed ignorance of the sentencing consequences of his guilty plea is belied by the Rule 11 colloquy and by the defendant's attempt to secure a reduced sentence in which he did not make any claim of this putative ignorance.

---

[1] In Jackson, the Court rested its view in part on the fact that the Supreme Court, in Gall v. United States, 128 S. Ct. 586 (2007), made clear that sentencing decisions of a district court must be afforded considerable deference on appeal; thus, it is difficult to conceive of a case in which such a discretionary decision would cause a miscarriage of justice. In Jackson, where the defendant only sought to appeal the reasonableness of his sentence, this Court concluded that the "case obviously does not present the 'unusual circumstances' we contemplated in Khattak." Jackson, 523 F.3d at 244.

In this case, the government cannot conceive of an issue falling within the narrow miscarriage of justice exception. Neither of the circumstances addressed in Shedrick is present in this case. The defendant here pled guilty to and admitted the charges. This Court then sentenced the defendant to a statutory mandatory minimum, notice of which was contained in the plea agreement and colloquy. The Court did not take any significant action which either party failed to anticipate or address.

In his petition, the defendant argues that his attorney was ineffective in failing to: Insure that the defendant understood the nature and consequences of his guilty plea; object to the pre-sentence report; advise him of the mandatory minimum; advise him on the defense of entrapment, and, file a direct appeal. These frivolous claims for collateral relief are foreclosed by the plea agreement.

As the Seventh Circuit has held, "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142 (7th Cir. 1998). Accord United States v. White, 307 F.3d 336, 344 (5th Cir. 2002); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); United States v. Djelevic, 161 F.3d 104, 107 (2nd Cir. 1998).

Thus, a petitioner may raise a claim that his attorney was ineffective in negotiating the plea agreement. But all other claims of ineffectiveness, such as those presented by the defendant in this case, may not be presented. For instance, in Mason v. United States, 211 F.3d 1065 (7th Cir. 2000), the court held that a defendant's ineffective assistance claim merely

challenging his attorney's performance at sentencing was subject to the waiver. As the Fifth Circuit explained elsewhere, "the opposite result would render waivers of appeal meaningless. If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded." White, 307 F.3d at 344.

### III. CONCLUSION

In sum, the defendant's waiver was knowing and voluntary, and the petition presents no claim which remotely suggests a miscarriage of justice. Therefore, the government respectfully requests that the Court dismiss the post-sentencing petition. See Mabry, 536 F.3d at 243-44 (enforcing waiver of right to collateral review). As in Mabry, "[e]nforcing the waiver is in line with justice, not a miscarriage of it." Mabry, 536 F.3d at 244. Further, to assure the government the fruit of its bargain -- the promise that the government would not be required to devote its resources to defend an appeal or collateral attack -- the government requests that its obligation to respond substantively to the petition be stayed pending the disposition of this motion.[2]

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney

/s Jeanine Linehan
Jeanine Linehan
Assistant United States Attorney

---

[2] Consistent with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the government is not obligated to respond to a Section 2255 petition until ordered to do so by the Court.

9

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

            Juan Antonio Garcia-Villa
            FCI Big Spring
            Big Spring, Texas 79720
            Prisoner Number: 56886-066

            /s Jeanine Linehan
            Jeanine Linehan
            Assistant United States Attorney

Dated: November 9, 2011